**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HERIBERTO ORTIZ,**

             **Plaintiff,**

**-vs-**                                         **Case No. 6:04-cv-1645-Orl-28KRS**

**CLASSIC STUDIOS, INC., DIAN DULL,**

             **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST DEFENDANT, CLASSIC STUDIOS, INC. (Doc. No. 11)**
>
> **FILED:** May 26, 2005
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On November 10, 2004, the plaintiff, Heriberto Ortiz, filed a complaint against the defendants Classic Studios, Inc. ("Classic Studios") and Dian Dull alleging violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Florida state law. Doc. No. 1. After Ortiz was unable to serve Classic Studios personally with a

summons in this case, doc. no. 6, he apparently sought to serve Classic Studios under the substituted service of process provision set forth in Fla. Stat. 48.161.[1]

It is well established under Florida law that "[p]erfection of substituted service under section 48.161 requires strict compliance with the statutory requirements." *Mercy Lu Enter., Inc. v. Liberty Mut. Ins. Co.*, 681 So. 2d 758, 759 (Fla. 4th Dist. Ct. App. 1996). Section 48.161 permits substituted service only upon "a nonresident or a person who conceals his or her whereabouts . . . ." Fla. Stat. § 48.161(1). Ortiz alleges that Classic Studios is a corporation whose business is located in Kissimmee, Florida. Doc. No. 1 ¶ 4. Therefore, it is not a "nonresident." In the notice indicating that he was not able to serve Classic Studios personally, the process server represents that he made diligent attempts to serve Classic Studio but was unable to locate the business of Dian Dull, who Ortiz alleges is an officer of owner of Classic Studio. Doc. No. 6. This statement is not evidence, however, because it does not indicate that the statement was made before a notary public, and the language of the statute does not meet the requirements of a declaration under 28 U.S.C. § 1746. The allegations of the complaint and the evidence are, therefore, not sufficient to satisfy the "concealment" requirement of section 48.161.

Section 48.161 also requires that Ortiz serve Classic Studio with notice of service and a copy of the process by certified mail and file the return receipt showing that such service has been made. In this case, the document attached to the attorney's affidavit of service is a tracking notice, not a return receipt reflecting that an officer or agent of Classic Studio received the documents.

---

[1] The Federal Rules of Civil Procedure permit a plaintiff to serve a corporation in a variety of ways, including "pursuant to the law of the state in which the district court is located . . . for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; . . . ." Fed. R. Civ. P. 4(e)(1) and 4(h).

Doc. No. 11.[2] This tracking notice is insufficient to satisfy the requirement of section 48.161 that Ortiz file "the defendant's return receipt."

**DONE** and **ORDERED** in Orlando, Florida on June 9, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] I note that the United States Postal Service website states that "Certified Mail does not provide tracking service." However, a copy of the delivery record for certified mail that includes the recipient's signature is available at the local post office. *See* United States Postal Service, *Track and Confirm FAQS*, *at* http://www.usps.com/shipping/trackandconfirmfaqs.htm#H2 (last visited June 8, 2005).